

United States Courts
Southern District of Texas
FILED

DEC 2 1 2004

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

LETICIA MELLADO, Individually and   §
As Representative of the Estate of   §
MARGARITA GARCIA, Deceased   §
  §    **H-04-4791**
VS.   §    CIVIL ACTION NO. _____
  §             (JURY)
HOME DEPOT U.S.A., INC.   §
d/b/a HOME DEPOT   §

## NOTICE OF REMOVAL

TO THE HONORABLE COURT:

COMES NOW, HOME DEPOT U.S.A., INC. d/b/a THE HOME DEPOT, and files this its Notice of Removal and would respectfully show as follows:

### INTRODUCTION

1.    Plaintiff, LETICIA MELLADO, Individually and as Representative of the Estate of MARGARITA GARCIA, Deceased, filed suit in Cause No. 2004-54727 in the 189TH District Court of Harris County, Texas. Defendant, HOME DEPOT U.S.A., INC., was served with and first received notice of this suit on October 21, 2004, when Plaintiff served Defendant through CT Corporation System. This pleading was open ended and failed to specify the amount of damages claimed. In response to Special Exceptions, the Plaintiff filed her First Amended Petition which was served on Defendant on December 13, 2004. It was based upon the receipt of this petition that this matter became removable because it alleged an amount in controversy of Eight Hundred Twenty-Five Thousand and No/100 Dollars ($825,000.00), thus satisfying the jurisdictional amount of this Court. Attached hereto is the Plaintiff's Original Petition, together with copies of all processes, pleadings and order served on or by Defendant in such action, including

Plaintiff's First Amended Petition. Also enclosed is an index of matters being filed and a list of all attorneys as required by Local Rule 3K for the Southern District of Texas.

## NATURE OF THE SUIT

2.      Plaintiff alleges that Margarita Garcia's death was caused by bodily injuries she sustained in a fall on Defendant's premises that occurred on or about April 10, 2004.

3.      This is a premises liability action wherein Plaintiff alleges that Margarita Garcia, Deceased, suffered serious and permanent bodily injuries as a direct result of the occurrence caused by Defendant's negligence at Defendant's place of business located at 6810 Gulf Freeway, Houston, Texas 77087.  Plaintiff alleges that Defendant was negligent in failing to maintain the floor in a reasonably safe condition, failing to warn Decedent of the dangerous condition of water on the floor, and in permitting the water to remain on the floor. It is further alleged that Defendant's acts and omissions, singularly or in combination with others, constitute negligence which was the proximate cause of this incident, and the injuries sustained by the Plaintiff.

## BASIS FOR REMOVAL

4.      Removal is proper because there is complete diversity of citizenship between Plaintiff and Defendant.  Plaintiff is a citizen of the State of Texas.  Defendant is not a citizen of the State of Texas. Defendant, HOME DEPOT U.S.A., INC., is a Delaware Corporation and its principal place of business is in Atlanta, Georgia.

5.      The amount in controversy exceeds $75,000.00 exclusive of interests, costs, and attorneys' fees.

## VENUE AND JURISDICTION

6.      Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place in which the removed action has been pending.

7.     This Court has jurisdiction of this action by virtue of the provisions of 28 U.S.C. §1332 in that this is a case of diversity of citizenship between the parties with the amount in controversy exceeding $75,000.00, exclusive of interest and costs.

## DEFENDANT'S NOTICE OF REMOVAL
## IS PROCEDURALLY CORRECT

8.     All Defendants who have made an appearance join in the removal of this action.

9.     Defendant has attached to this notice, all process, pleadings and orders served upon Defendant in the state court action as required by 28 U.S.C. §1446(a). (See attached Exhibit A).

10.    Defendant has attached to this notice the documents as required by Local Rule CV-3(a).

## JURY DEMAND

11.    Defendant, HOME DEPOT U.S.A., INC., makes demand for a jury trial in this Honorable Court.

## NOTICE TO STATE COURT

12.    Defendant will promptly file a copy of this Notice of Removal with the Clerk of the state court in which this action has been pending.

Respectfully submitted by,

A. SCOT CHASE
SBN 04148550

ATTORNEY-IN-CHARGE FOR DEFENDANT

OF COUNSEL:

KAROTKIN, CHASE & ERWIN, L.L.P.
3555 Timmons Lane, Suite 850
Houston, Texas 77027
(713) 963-0533
FAX (713) 963-0544


### CERTIFICATE OF SERVICE

A true and correct copy of the foregoing pleading was duly served upon all parties or their counsel of record by facsimile, messenger or by placing same in the United States Mail, postage prepaid, to the individuals listed below, on this 21ST day of December 2004, and a true copy of said pleading was promptly filed in the office of the United States District Court for the Southern District of Texas – Houston Division together with this proof of service.

Paul E. Campolo                                          **VIA FAX (210) 923-1313**
Maloney & Campolo, L.L.P.
900 S.E. Military Drive
San Antonio, TX 78214


A. SCOT CHASE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LETICIA MELLADO, Individually and | § | |
| As Representative of the Estate of | § | |
| MARGARITA GARCIA, Deceased | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | (JURY) |
| HOME DEPOT d/b/a | § | |
| HOME DEPOT U.S.A., INC. | § | |

### INDEX OF MATTERS BEING FILED

TO:   THE CLERK OF THE SOUTHERN DISTRICT COURT OF TEXAS, HOUSTON
DIVISION

Pursuant to Rule 81 of the Local Rules of the Southern District of Texas,

Defendant, HOME DEPOT U.S.A., INC., attaches this Index of Matters Being Filed to their

Notice of Removal.

1.   Plaintiff's Original Petition from State Court Action

2.   Defendant's Original Answer from State Court Action

3.   Defendant's Special Exceptions

4.   Plaintiff's First Amended Petition

5.   Docket Sheet from State Court Action

6.   List of Counsel of Record





RECEIV
OCT     2004
By LITIGATION

ASSESSED
SIGNED
VERIFIED

CAUSE NO. 2004-54727

| LETICIA MELLADO, Individually and | § | IN THE DISTRICT COURT |
| As Representative of the Estate of | § | |
| MARGARITA GARCIA, Deceased | § | |
| | § | 189 JUDICIAL DISTRICT |
| VS. | § | |
| | § | |
| HOME DEPOT | § | HARRIS COUNTY, TEXAS |
| d/b/a HOME DEPOT, USA, INC. | | |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, LETICIA MELLADO,  Individually and As Representative of the Estate of MARGARITA GARCIA, Deceased, Plaintiff in the above styled and numbered cause, complaining of  HOME DEPOT d/b/a HOME DEPOT, USA, INC., hereinafter sometimes referred to as HOME DEPOT, Defendant, and for cause of action would respectfully show unto the Court as follows:

1.     Pursuant to Texas Rules of Civil Procedure Rule 190.1, Plaintiff intends to conduct discovery under Level 2.

### Parties

2.     Plaintiff, LETICIA MELLADO, Individually and As Representative of the Estate of MARGARITA GARCIA, Deceased, is a resident of Bexar County, Texas.  Plaintiff, LETICIA MELLADO, is the surviving daughter of the Deceased, and is serving as Representative of the Estate of the Deceased, Margarita Garcia.

3.     Defendant, HOME DEPOT, is a Corporation, licensed to do business in the state of Texas, and may be served with process by serving its registered agent, C T Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

1

<u>Venue</u>

4.      All acts complained of occurred in Harris County, Texas so venue properly lies in Harris County, Texas pursuant to Section 15.002 (1),  of the Texas Civil Practice & Remedies Code.

<u>Facts</u>

5.      On or about April 10, 2004, MARGARITA GARCIA, while a patron at HOME DEPOT,  located at 6810 Gulf Freeway, Houston, Texas 77087, was looking to purchase fresh flowers from the Garden Center. As MARGARITA GARCIA was walking around the edge of the corner, she slipped and fell on a large puddle of water causing her to fall sideways on the cement floor at the Garden Center hitting her head and hip.  There were no known markers or warning signs alerting the patrons of such dangerous condition. Defendant owed a duty to use ordinary care, including the duty to protect and safeguard MARGARITA GARCIA from unreasonably dangerous conditions on the premises or to warn of their existence.

6.      While upon Defendant's premises, MARGARITA GARCIA suffered serious bodily injuries consequently, causing her death as a direct result of a fall, proximately caused by the dangerous condition of Defendant's Garden Center floor, which Defendant, its agents, servants, and employees knew, or in the exercise of ordinary care, should have known, existed.  Specifically, as MARGARITA GARCIA was walking around the edge of the corner, she slipped and fell on the wet cement floor, and sustained the injuries and damages described below. Defendant, its agents, servants, and employees negligently failed to post warning signs

2

or markers at the Garden Center floor to indicate and alert patrons of such dangerous condition. Defendant negligently or willfully failed to warn MARGARITA GARCIA of the condition of the wet cement floor, despite the fact that Defendant, its agents, servants and employees knew, or in the exercise of ordinary care, should have known of the existence of the condition and that there was a likelihood of someone being injured as happened to MARGARITA GARCIA. Further, the condition of the wet cement floor had continued for such period of time that it would have been noticed and corrected if Defendant, its agents, servants, and employees had exercised ordinary care in the maintenance of the premises.

<u>Negligence</u>

7.   On the occasion in question, Defendant and its agents, servants and employees, who at all times acting in the course and scope of their employment, were guilty of negligence toward MARGARITA GARCIA in the following respects:

   1.  In failing to maintain the floor in a reasonably safe condition;

   2.  In failing to warn MARGARITA GARCIA of the dangerous condition of water on the floor; and

   3.  In permitting the water to remain on the floor.

<u>Each of such acts and/or omissions, singularly or in combination with others, constituted negligence, which proximately caused the injuries and ultimately MARGARITA GARCIA'S death.</u>

Plaintiff further alleges the doctrine of Res Ipsa Loquitur owing to the fact that the accident made the basis of this suit would not ordinarily occur in the absence of negligence.

3

--- ---------------------------------

### Damages

8.      Plaintiff LETICIA MELLADO, Individually and as Representative of the Estate of MARGARITA GARCIA, Deceased brings this suit pursuant to Section 71.002 and Section 71.021 of the Texas Civil Practice and Remedies Code for damages as a result of the death of MARGARITA GARCIA.  As a proximate cause of the occurrence made the basis of this lawsuit, Plaintiff has sustained substantial damages to which she is entitled to under Section 71.002 and Section 71.021 of the Texas Civil Practice and Remedies Code and Section 71.009 for exemplary damages for the wrongful death of MARGARITA GARCIA.  MARGARITA GARCIA was a kind, affectionate, and devoted mother.  During the remainder of her life, MARGARITA GARCIA in all reasonable probability would have continued to support, advice and counsel her daughter.  As a result of the negligence of Defendant, Plaintiff has been deprived of her mother and she will be deprived of the love, affection, guidance, support and maintenance which she would have received but for the untimely and tragic death of her mother.  Therefore, this suit is brought to recover damages from the Defendant herein and for the wrongful death of MARGARITA GARCIA under the terms and provisions of Section 71.002 and Section 71.021 of the Civil Practice and Remedies Code, because of the death of MARGARITA GARCIA was occasioned by the negligence of the Defendant.

9.      Plaintiff seeks damages under the terms and provisions of section 71.002 of the Texas Civil Practice and Remedies Code, more commonly known as the Texas Wrongful Death Statute, including but not limited to, the loss of care, maintenance,

4

support, services, advice, counsel, contributions, of pecuniary value, education, loss of society, love and affection, loss of parental consortium, and mental anguish suffered by the survivors of MARGARITA GARCIA, Deceased due to the death of their mother, reasonably suited to her station in life.

10.    As a result of the aforementioned occurrence, Plaintiff, LETICIA MELLADO, the daughter of MARGARITA GARCIA has sustained substantial damages to which she is entitled in law and more particularly as follows:

      (A) loss of pecuniary contribution and services;

      (B) loss of companionship, society, advise, counsel, education,   and household services;

      (C) loss of parental consortium and;

      (D) mental anguish.

11.    Furthermore, as a direct result of the occasion in question, Plaintiff LETICIA MELLADO, on behalf of the Estate of MARGARITA GARCIA, Deceased is entitled to money damages for the conscious pain, suffering, and mental anguish that MARGARITA GARCIA, Deceased, sustained as a result of the fall before her untimely death in a sum within the jurisdictional limits of this Court pursuant to Section 71.021 of the Texas Civil Practice and Remedies Code, more commonly known as the Survival Statute.

12.    Plaintiff, LETICIA MELLADO, on behalf of the Estate of MARGARITA GARCIA, Deceased, also brings this cause of action for funeral/burial expenses and medical expenses which were incurred as a result of the negligence of

Defendant and incurred on behalf of the Estate of MARGARITA GARCIA, Deceased.

13.   Plaintiff would further show that she is the heir at law of the Decedent, MARGARITA GARCIA, and, thus, has standing to pursue a survival action on behalf of the Estate of MARGARITA GARCIA; that the Decedent, MARGARITA GARCIA, died intestate.

14.   Plaintiff hereby demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon full jury trial herein, Plaintiff have judgment against Defendant for actual and exemplary damages suffered by Plaintiff, as herein above pled, as a result of Defendant's negligent conduct in an amount within the jurisdictional limits of the Court, together with pre- and post-judgment interest on Plaintiff's recovery at the highest legal rate, that all costs of Court incurred herein be taxed against Defendant, and for such other and further relief, both general and special, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

LAW OFFICE OF MALONEY & CAMPOLO, L.L.P.
900 S.E. Military Drive
San Antonio, TX 78214
(210) 922-2200 – Telephone
(210) 923-1313 – Facsimile

PAUL E. CAMPOLO
State Bar No. 03730150
Attorney for Plaintiff

6

CAUSE NO. 2004-54727

**PLEASE "FILE STAMP"
AND RETURN**

| | | |
|---|---|---|
| LETICIA MELLADO, Individually and | § | IN  THE  DISTRICT COURT  OF |
| As Representative of the Estate of | § | |
| MARGARITA GARCIA, Deceased | § | |
| | § | |
| VS. | § | HARRIS   COUNTY,  T E X A S |
| | § | |
| HOME DEPOT d/b/a | § | |
| HOME DEPOT U.S.A., INC. | § | 189TH   JUDICIAL   DISTRICT |

## <u>DEFENDANT'S ORIGINAL ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, HOME DEPOT U.S.A., INC. d/b/a THE HOME DEPOT, incorrectly

sued as Home Depot d/b/a Home Depot U.S.A., Inc., Defendant in the above-entitled and

numbered cause and files this its Original Answer, and in support thereof would

respectfully show unto the Court the following:

I.

Subject to such admissions and stipulations as may hereafter be made, Defendant

denies generally the allegations contained in Plaintiff's Original Petition, and calls upon the

Plaintiff to prove such allegations by a fair preponderance of the evidence, as required by

the Constitution and Laws of the State of Texas.

WHEREFORE, PREMISES CONSIDERED, Defendant, HOME DEPOT U.S.A., INC.

d/b/a THE HOME DEPOT, prays for judgment that Plaintiff takes nothing by reason of this

suit, that Defendant recovers its costs, and for such other and further relief to which

Defendant may be justly entitled.

04 NOV 29  PM 5: 00

BY

Respectfully submitted,

**KAROTKIN, CHASE & ERWIN, L.L.P.**

By: _____
A. SCOT CHASE
SBN 04148550
3555 Timmons Lane, Suite 850
Houston, Texas  77027
(713) 963-0533
FAX (713) 963-0544

**ATTORNEYS FOR DEFENDANT,
HOME DEPOT U.S.A., INC.
d/b/a THE HOME DEPOT**

## CERTIFICATE OF SERVICE

I hereby certify that I have forwarded a true and correct copy of the foregoing instrument to all counsel of record, in accordance with the Texas Rules of Civil Procedure, on this 29TH day of November 2004.

Paul E. Campolo                                    **VIA FAX (210) 923-1313**
Maloney & Campolo, L.L.P.
900 S.E. Military Drive
San Antonio, TX  78214

_____
A. SCOT CHASE

-2-

CAUSE NO. 2004-54727

| | | |
|---|---|---|
| LETICIA MELLADO, Individually and<br>As Representative of the Estate of<br>MARGARITA GARCIA, Deceased | §<br>§<br>§<br>§ | IN  THE  DISTRICT COURT  OF |
| VS. | §<br>§ | HARRIS   COUNTY,  T E X A S |
| HOME DEPOT d/b/a<br>HOME DEPOT U.S.A., INC. | §<br>§<br>§ | 189TH   JUDICIAL   DISTRICT |

## DEFENDANT'S SPECIAL EXCEPTIONS TO
## <u>PLAINTIFF'S ORIGINAL PETITION</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES  NOW  HOME  DEPOT  U.S.A.,  INC.  d/b/a  THE  HOME  DEPOT,

incorrectly  sued  as  Home  Depot  d/b/a  Home  Depot  U.S.A.,  Inc.,  Defendant  in  the

above-entitled  and  numbered  cause,  and  files  this  its  Special  Exceptions  to  Plaintiff's

Original Petition and asks the Court to order Plaintiff to replead and cure her pleading

defects.

I.

Defendant specially excepts to Paragraph 9 of Plaintiff's Original Petition as it does

not specify the maximum amount of damages claimed by the Plaintiff. Pursuant to Rule 47

of the Texas Rules of Civil Procedure, upon special exception, the Court shall require the

pleader to amend and specify the maximum amount claimed.

II.

For these reasons, Defendant asks this Court to sustain its special exceptions and

order  Plaintiff  to  replead  and  cure  her  pleading  defects,  and  if  she  does  not  cure  her

defects, strike Plaintiff's pleading.

Respectfully submitted by,

KAROTKIN, CHASE & ERWIN, L.L.P.

_____
A. SCOT CHASE
SBN: 04148550
3555 Timmons Lane, Suite 850
Houston, TX   77027
(713) 963-0533
FAX (713) 963-0544

ATTORNEYS FOR DEFENDANT,
HOME DEPOT U.S.A., INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served upon all counsel of record pursuant to Rule 21a, Tex. R. Civ. P., on this 9TH day of December 2004.

Paul E. Campolo                                  **VIA FAX (210) 923-1313**
Maloney & Campolo, L.L.P.
900 S.E. Military Drive
San Antonio, TX  78214

_____
A. SCOT CHASE

2

CAUSE NO. 2004-54727

| | | |
|---|---|---|
| LETICIA MELLADO, Individually and<br>As Representative of the Estate of<br>MARGARITA GARCIA, Deceased | §<br>§<br>§<br>§ | IN  THE  DISTRICT COURT  OF |
| VS. | §<br>§ | HARRIS   COUNTY,   T E X A S |
| HOME DEPOT d/b/a<br>HOME DEPOT U.S.A., INC. | §<br>§ | 189TH   JUDICIAL   DISTRICT |

## O R D E R

CAME  ON  to  be  heard,  Defendant's  Special  Exceptions  to  Plaintiff's  Original

Petition,  and  the  Court  having  heard  the  arguments  of  counsel  is  of  the  opinion  that

Defendant's motion should be GRANTED. It is, therefore,

ORDERED, ADJUDGED and DECREED, that Plaintiff is to replead Paragraphs 9

of Plaintiff's Original Petition no later than ten (10) days from the entry of this Order and

plead the specific amount of damages claimed.

SIGNED this _____ day of December 2004.

_____
JUDGE PRESIDING

APPROVED AS TO FORM AND
ENTRY REQUESTED BY:

KAROTKIN, CHASE & ERWIN, L.L.P.

_____
A. SCOT CHASE
SBN 04148550
3555 Timmons Lane, Suite 850
Houston, Texas  77027
(713) 963-0533
FAX (713) 963-0544

ATTORNEYS FOR DEFENDANT

3

CAUSE NO. 2004-54727

| | | |
|---|---|---|
| LETICIA MELLADO, Individually and | § | IN THE DISTRICT COURT OF |
| As Representative of the Estate of | § | |
| MARGARITA GARCIA, Deceased | § | **PLEASE "FILE STAMP"** |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS **AND RETURN** |
| | § | |
| HOME DEPOT d/b/a | § | |
| HOME DEPOT U.S.A., INC. | § | 189TH   JUDICIAL   DISTRICT |

<u>**DEFENDANT'S NOTICE OF SUBMISSION**</u>

Please take notice Defendant's Special Exceptions to Plaintiff's Original Petition

has been set on this Court's submission docket on <u>**MONDAY, JANUARY 3, 2005 AT**</u>

<u>**8:00 A.M.**</u>

Respectfully submitted by,

**KAROTKIN, CHASE, & ERWIN, L.L.P.**

A. SCOT CHASE
SBN 04148550
3555 Timmons Lane, Suite 850
Houston, Texas  77027
(713) 963-0533
FAX (713) 963-0544

**ATTORNEYS FOR DEFENDANT**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I have forwarded a true and correct copy of the foregoing
instrument to all counsel of record, in accordance with the Texas Rules of Civil
Procedure, on this 9TH day of December 2004.

Paul E. Campolo                                    <u>**VIA FAX (210) 923-1313**</u>
Maloney & Campolo, L.L.P.
900 S.E. Military Drive
San Antonio, TX  78214

A. SCOT CHASE

<u>CAUSE 2004-54727</u>

| | | |
|---|---|---|
| LETICIA MELLADO, individually and | § | IN THE DISTRICT COURT |
| As Representative of the Estate of | § | |
| MARGARITA GARCIA, Deceased | § | |
| | § | |
| VS. | § | 189th JUDICIAL DISTRICT |
| | § | |
| HOME DEPOT USA, INC. d/b/a | § | |
| THE HOME DEPOT | § | HARRIS COUNTY, TEXAS |

## <u>PLAINTIFF'S FIRST AMENDED PETITION</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Plaintiff, **LETICIA MELLADO,** Individually and as Representative of the

Estate of **MARGARITA GARCIA, deceased,** Plaintiff in the above styled and numbered cause,

complaining of **HOME DEPOT, USA, INC., d/b/a THE HOME DEPOT** hereinafter sometimes

referred to as **HOME DEPOT**, Defendant, and for cause of action would respectfully show unto the

court as follows:

1. Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct

discovery under Level 2

### <u>Parties</u>

2. Plaintiff, LETICIA MELLADO, Individually and As Representative of the Estate of

MARGARITA GARCIA, Deceased, is a resident of Bexar County, Texas. Plaintiff, LETICIA

MELLADO, is the surviving daughter of the Deceased, and is serving as Representative of the Estate

of the Deceased, Margarita Garcia.

3. Defendant, **HOME DEPOT,** is a Corporation, licensed to do business in the state of

Texas, and has already filed an answer herein.

Plaintiff hereby amends the pleadings to correct the Defendant's name from **HOME DEPOT d/b/a HOME DEPOT, USA, INC.** to **HOME DEPOT U.S.A., INC., d/b/a THE HOME DEPOT** pursuant to Defendant's Original Answer filed on September 16, 2004.

<u>**Venue**</u>

4.  All facts complained of occurred in Harris County, Texas so venue properly lies in Harris County, Texas pursuant to Section 15.001 (1) of the Texas Civil Procedure Practice and Remedies Code. <u>**Facts**</u>

5.  On or about the April 10, 2004 , **MARGARITA GARCIA,** while a patron at HOME DEPOT, located at 6810 Gulf Freeway, Houston, Texas 77087, was looking to purchase fresh flowes from the Garden Center. As **MARGARITA GARCIA,** was walking around the edge of the corner, she slipped and fell on a large puddle of water causing her to fall sideways on the cement floor at the Garden Center hitting her head and hip. There were no known markers or warning signes alerting the patrons of such dangerous condition. Defendant owned a duty to use ordinary care, including the duty to protect and safeguard **MARGARITA GARCIA** from unreasonably dangerous conditions on the premises or to warn of their existence.

6.  While upon Defendant's premises, **MARGARITA GARCIA** suffered serious bodily injuries consequently, causing her death as a direct result of a fall, proximately caused by the dangerous condition of Defendant's Garden Center floor which Defendant, its' agents, servants, and employees knew, or in the exercise of ordinary care, should have known, existed. Specifically, as **MARGARITA GARCIA** was walking around the edge of the corner, she slipped and fell on the wet cement floor, and sustained the injuries and damages described below. Defendant, its agents, servants, and employees negligently failed to post warning signs or markers at the Garden Center

---

Leticia Mellado -First Amended Original Petition. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

floor to indicate and alert patrons of such dangerous condition. Defendant negligently or willfully failed to warn **MARGARITA GARCIA** of the condition of the wet cement floor, despite the fact that defendant, its agents, servants and employees knew, or in the exercise of ordinary care, should have known of the existence of the condition and that there was a likelihood of someone being injured as happened to **MARGARITA GARCIA**. Further, the condition of the wet cement floor had continued for such period of time that would have been noticed and corrected if Defendant, its agents, servants and employees had exercised ordinary care in the maintenance of the premises.

### Negligence

7.   On the occasion in question, Defendant and its' agents, servants and employees, who at all times acting in the course and scope of their employment, were guilty of negligence toward the **MARGARITA GARCIA** in the following respects:

    a.    In failing to maintain the floor in a reasonably safe condition;

    b.    In failing to warn **MARGARITA GARCIA** of the dangerous condition of water on the floor; and

    c.    In permitting the water to remain on the floor.

Each of such acts and/or omissions, singularly or in combination with others, constituted negligence, which proximately caused the injuries and ultimately **MARGARITA GARCIA'S** death.

Plaintiff further alleges the doctrine of Res Ipsa Loquitur owing to the fact that the accident made the basis of this suit would not ordinarily occur in the absence of negligence.

### Damages

8.   Plaintiff **LETICIA MELLADO**, Individually and as Representative of the Estate of

MARGARITA GARCIA, deceased brings this suit pursuant to Section 71.002 and Section 71.021 of the Texas Civil Practice and Remedies Code for damages as a result of the death of MARGARITA GARCIA. As a proximate cause of the occurrence made the basis of this lawsuit, Plaintiff has sustained substantial damages to which she is entitled to under Section 71.002 and Section 71.021 of the Texas Civil Practice and Remedies Code and Section 71.009 for exemplary damages for the wrongful death of MARGARITA GARCIA. MARGARITA GARCIA, was a kind, affectionate, and devoted mother. During the remainder of her life, MARGARITA GARCIA, in all reasonable probability would have continued to support, advise and counsel her daughter. As a result of the negligence of Defendant, Plaintiff has been deprived of her mother and she will be deprived of the love, affection, guidance, support and maintenance which she would have received but for the untimely and tragic death of her mother. Therefore, this suit is brought to recover damages from the Defendant herein and for the wrongful death of MARGARITA GARCIA, under the terms and provisions of Section 71.002 and Section 71.021 of the Civil Practice and Remedies Code, because of the death of MARGARITA GARCIA was occasioned by the negligence of the Defendant.

9. Plaintiff seeks damages under the terms and provisions of section 71.002 of the Texas Civil Practice and Remedies Code, more commonly known as the Texas Wrongful Death Statute, including but not limited to, the loss of care, maintenance, support, services, advice, counsel, contributions of pecuniary value, education, loss of society, love and affection, loss of parental consortium and mental anguish suffered by the survivors of MARGARITA GARCIA, deceased due to the death of their mother, reasonably suited to her station in life.

10. As a result of the aforementioned occurrence, Plaintiff LETICIA MELLADO, the

daughter of **MARGARITA GARCIA** has sustained substantial damages to which she is entitled in law and more particularly as follows:

    (A) loss of pecuniary contribution and services;

    (B) loss of companionship, society, advise, counsel, education, and household services;

    (C) loss of parental consortium and;

    (D) mental anguish.

    11. Furthermore, as a direct result of the occasion in question, Plaintiff **LETICIA MELLADO**, on behalf of the Estate of **MARGARITA GARCIA**, deceased, is entitled to money damages for the conscious pain, suffering, and mental anguish that **MARGARITA GARCIA**, deceased, sustained as a result of the fall before her untimely death in a sum within the jurisdictional limits of this Court pursuant to Section 71.021 of the Texas Civil Practice and Remedies Code, more commonly known as the Survival Statute.

    12. Plaintiff, **LETICIA MELLADO**, on behalf of the Estate of **MARGARITA GARCIA**, Deceased, also brings this cause of action for funeral/burial expenses and medical expenses which were incurred as a result of the negligence of Defendant and incurred on behalf of the Estate of **MARGARITA GARCIA, Deceased.**

    13. . Plaintiffs has not calculated specific amounts for these elements and does not anticipate doing so prior to trial. Plaintiff reserves the right to request from the jury such amount as it determines to be fair and reasonable, for the purpose of satisfying the requirements of Rule 47 of the Texas Rules of Civil Procedure, Plaintiff's damages at this time do not exceed the maximum sum of Eight Hundred Twenty-Five Thousand ($825,000.00) Dollars.

    14. Plaintiff would further show that she is the heir at law of the Decedent, **MARGARITA**

**GARCIA,** and, thus, has standing to pursue a survival action on behalf of the Estate of

**MARGARITA GARCIA;** that the Decedent, **MARGARITA GARCIA,** died intestate.

15.  Plaintiff hereby demands a trial by jury.

**Prayer**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to

appear and answer herein, and that upon full jury trial herein, Plaintiff have judgment against

defendant for actual and exemplary damages suffered by Plaintiff, as herein above pled, as a result

of Defendant's negligence conduct in an amount within the jurisdictional limits of the Court,

together with pre-and post-judgment interest on Plaintiff's recovery at the highest legal rate, that all

costs of Court incurred herein be taxed against Defendant, and for such other and further relief, both

general and special, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

LAW OFFICES OF MALONEY & CAMPOLO, LLP
900 S. E. Military Drive
San Antonio, Texas  78214
(210) 922-2200 -- Telephone
(210) 923-1313 -- Facsimile

**PAUL E. CAMPOLO**
State Bar No. 03730150
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on a _13_ day of _December_, 2004,  a true and correct copy of the
above and foregoing instrument has been served, via Certified Mail, Return Receipt Requested,
Facsimile, Regular Mail, and/or Hand-Delivery to : **Scot Chase, 3555 Timmons Lane, Suite 850
Houston, Texas 77027.**

PAUL E. CAMPOLO

**2004-54727**

FILED: _09/29/2004_

MELLADO, LETICIA (IND AND AS REPRESE
PLAINTIFFS

CAMPOLO, PAUL EDWARD

_____ Attorney

## NATURE OF ACTION

DAMAGES (OTH)

VS.

HOME DEPOT (DBA HOME DEPOT USA INC)
DEFENDANTS

_____ Attorney

SURETIES ON COST BOND:

Jury Fee Paid By:

## SETTINGS

GENERAL ORDER OF THE COURT ___189TH___

CIVCRT03 Revised 10/23/00  CIVCTF

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LETICIA MELLADO, Individually and | § | |
| As Representative of the Estate of | § | |
| MARGARITA GARCIA, Deceased | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | (JURY) |
| HOME DEPOT d/b/a | § | |
| HOME DEPOT U.S.A., INC. | § | |

## LIST OF COUNSEL OF RECORD

TO:    THE CLERK OF THE SOUTHERN DISTRICT COURT OF TEXAS, HOUSTON
       DIVISION.

Pursuant to the Local Rules of the Southern District of Texas, Rule 81(6),

Defendant, HOME DEPOT U.S.A., INC., files this List of Counsel of Record:

1.    Paul E. Campolo
      Maloney & Campolo, L.L.P.
      900 S. E. Milatary Dr.
      San Antonio, TX  78214
      (210) 922-2200
      FAX (210) 923-1313

      Mr. Campolo is counsel for Plaintiff, LETICIA MELLADO, Individually and as
      Representative of the Estate of MARGARITA GARCIA, Deceased

2.    A. Scot Chase
      KAROTKIN, CHASE & ERWIN, L.L.P.
      3555 Timmons Lane, Suite 850
      Houston, TX  77027
      Phone (713) 963-0533
      FAX (713) 963-0544

      Mr. Chase is counsel for Defendant, HOME DEPOT, U.S.A., INC.

Respectfully Submitted,

By: _____
A. SCOT CHASE
SBN 04148550

ATTORNEY-IN-CHARGE FOR DEFENDANT

OF COUNSEL:

KAROTKIN, CHASE & ERWIN, L.L.P.
3555 Timmons Lane, Suite 850
Houston, Texas 77027
(713) 963-0533
FAX (713) 963-0544

## CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing pleading was duly served upon all parties or their counsel of record by facsimile, messenger or by placing same in the United States Mail, postage prepaid, properly addressed to the individuals listed below, on this 21ST day of December 2004, and a true copy of said pleading was promptly filed in the office of the United States District Court for the Southern District of Texas – Houston Division together with this proof of service.

Paul E. Campolo                                  **VIA FAX (210) 923-1313**
Maloney & Campolo, L.L.P.
900 S.E. Military Drive
San Antonio, TX  78214

A. SCOT CHASE

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

*LETICIA MELLADO, ETAL*

## DEFENDANTS

*HOME DEPOT USA, INC.*

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF *HARRIS*
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT *GEORGIA*
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

*H-04-4791*

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
*PAUL E. CAMPOLO (210)
MALONEY & CAMPOLO 922-
900 S.E. MILITARY DR. 2200
SAN ANTONIO, TX 78214*

ATTORNEYS (IF KNOWN) *A. SCOT CHASE
KROTKIN, CHASE & ERWIN
3555 TIMMONS #825
HOUSTON, TX 77027
(713) 963-0533*

## II. BASIS OF JURISDICTION   (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES   (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

*28 U.S.C.*

United States Courts
Southern District of Texas
FILED

DEC 21 2004

Michael N. Milby, Clerk

## V. NATURE OF SUIT   (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

## VI. ORIGIN   (PLACE AN x IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY   (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE *12/21/04*

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT